**STATE of Minnesota, Respondent,**

v.

**Roy E. BURNS, Appellant.**

**No. C5–82–337.**

Supreme Court of Minnesota.

June 24, 1983.

Chestnut & Brooks and Kevin S. Burke, Minneapolis, for appellant.

Hubert H. Humphrey III, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Rick Osborne, J. Michael Richardson and Beverly J. Wolfe, Asst. County Attys., Minneapolis, for respondent.

WAHL, Justice.

Defendant was tried in district court on charges of criminal sexual conduct in the third degree for sexually penetrating the complainant, criminal sexual conduct in the second degree for aiding another person in having sexual contact with the complainant, soliciting the complainant to become a prostitute, and kidnapping the complainant by confining her against her will for the purpose of facilitating the other crimes. The co-defendant was jointly tried on the charges of criminal sexual conduct in the second degree and solicitation to commit prostitution. The jury found defendant guilty of the two charges of criminal sexual conduct and the kidnapping charge but acquitted him of the soliciting to prostitution charge; it acquitted the co-defendant of both charges against her. The trial court sentenced defendant to an executed prison term of 24 months for criminal sexual conduct in the third degree, which is the presumptive sentence for that offense (severity level VII) by a person with defendant's criminal history score (zero). The trial court ordered defendant released on bond pending this appeal. Defendant argues on appeal that the jury acted inconsistently in convicting him and acquitting the co-defendant and that this was attributable to prosecutorial misconduct that prejudiced the jury against defendant. Defendant argues that a study of the record will lead to the conclusion that the evidence was insufficient to convict him of any of the charges.

There is no merit to these contentions. The record indicates that defendant held the young woman who was the complainant against her will at his apartment, that he struck her and bruised her when she did not comply with his sexual demands, that he forced her to commit fellatio, and that he forced her to submit to cunnilingus by the co-defendant. Defendant and co-defendant stipulated that defendant was a pimp and that co-defendant was a prostitute working for defendant, and both of them testified in detail about their prostitution-related activities. The prosecutor's cross-examination of them was vigorous and at times objectionable, but when objections were made the trial court ruled on the objections, often sustaining them. Defendant did not seek a mistrial or curative instructions, and our examination of the record satisfies us that defendant was not prejudiced by the prosecutor's conduct.[1] *State v. Sharich,* 297 Minn. 19, 209 N.W.2d 907 (1973), which is relied upon by defendant, is not in point.

Affirmed.

---

1. Defendant's specific claim of prejudice is that the prosecutor's questions caused the jury to act inconsistently and to convict him and acquit the co-defendant, with the result that defendant's convictions were tainted. The premise of the argument is faulty because the jury did not act inconsistently. The jury may well have based its acquittal of the co-defendant on evidence that defendant, in effect, forced her to commit the act of cunnilingus on the victim.